The Honorable Lu Hardin State Senator 260 Hilltop Drive Russellville, Arkansas 72201
Dear Senator Hardin:
This is in response to your request for an opinion on several questions concerning the authority of the mayor in a city of the first class, with a mayor-council form of government, over department heads in the city. You ask these questions on behalf of Mayor Woody Harris of Russellville. The City of Russellville passed Ordinance No. 1195, adopted by the City Council on February 27, 1986, allowing for the appointment, rather than the election, of its city treasurer. This ordinance was adopted under the authority of A.C.A. § 14-43-405 (1987), which states in pertinent part:
 All cities of the first class having the mayor-council form of government may provide, by ordinance, for the election or appointment of their city treasurer.
Based upon this authority, Ordinance No. 1195 was adopted, providing in Section 1 that the "City Treasurer shall cease to be elected and shall be hired by the City Council." Mayor Harris is concerned this ordinance deprives him of his authority, as mayor, to supervise all city department heads, as provided for by A.C.A. § 14-42-110 (a) (1987) which states in pertinent part as:
 Unless otherwise provided by state law, mayors in cities of the first class . . . shall have power to appoint and remove all department heads. . . .
Based upon this language you have requested an opinion on the following questions:
 1. Does the mayor of a city of the first class, with a mayor/council form of government, have the authority to appoint and remove department heads?
 2. Is an appointed City Treasurer a department head as contemplated by Arkansas Code Annotated § 14-42-110?
 3. Is Section 1 of Ordinance No. 1195 in conflict with the provisions of Arkansas Code Annotated § 14-42-110?
 4. Is the city treasurer, if that individual is appointed, under the supervisory authority of the mayor as far as the treasurer's day-to-day duties are concerned?
In response to your first question, it is my opinion that the mayor of a city of the first class, with a mayor-council form of government, has the authority to appoint and remove all department heads. This authority is explicitly granted in A.C.A. § 14-42-110. This office has previously opined that § 14-42-110
gives the mayor the specific authority to appoint and remove department heads, unless the action is overridden by a two-thirds majority vote of the council (Op. Att'y Gen. 93-332, copy enclosed).
With regard to your second question, it is my opinion that an appointed city treasurer is not a department head as contemplated by A.C.A. § 14-42-110. While there is no definition of "department head" in the statutes, it can be discerned through a reading of A.C.A. §§ 14-42-101 to -114 (1987), which govern the appointment and removal of municipal officers and department heads, that municipal officers and department heads are separate entities. A.C.A. § 14-42-109, regarding the removal of elective or appointed officers, states in § (2) as follows:
 The council of any city or incorporated town may provide, by proper ordinance for the removal of any appointive officer upon a majority vote of the council.
This section grants the city council the authority to remove an appointive officer of any city. Under A.C.A. § 14-43-302(a) (1987), regarding the election of officers, a city treasurer is included as an officer.[1] Therefore, based on the provisions of § 14-42-109(2) the city council may remove an appointed city treasurer from office by a majority vote, because the city treasurer, whether elected or appointed, is an officer rather than a department head.
It is my opinion that the answer to your third question is "no." As stated above, it is my opinion that a city treasurer is not a department head within the meaning of A.C.A. § 14-42-110.
In response to your fourth question, it is my opinion that the city treasurer is not under the supervisory authority of the mayor as far as the treasurer's day-to-day duties are concerned. The mayor is granted some supervision over officers of the city as provided for in § 14-43-504, which provides as follows:
(b) The mayor shall:
 (1) Supervise the conduct of all of the officers of the city, examine the grounds of all reasonable complaints made against them, and cause all their violations of duty or other neglect to be properly punished or reported to the proper tribunal for correction. . . .
This section seems to give authority to the mayor only over any inappropriate conduct of an officer of the city, and the proper punishment of any misconduct. I do not think the legislature intended to grant a broad power to the mayor to supervise day-to-day activities of other city officers. There is also no distinction in regard to whether the officer of the city is appointed or elected. Therefore it is my opinion an appointed city treasurer is not under the supervisory authority of the mayor as far as the treasurer's day-to-day duties are concerned.
The foregoing opinion, which I hereby approve, was prepared by Chief Deputy Attorney General Royce Griffin.
Sincerely,
WINSTON BRYANT Attorney General
WB:TKS/cyh
[1] A city treasurer is also classified as a public officer in 56 Am. Jur. 2d Municipal Corporations, Counties and OtherPolitical Subdivisions §§ 235 and 236, where it states:
 Among those who have been held to be public officers are town or township trustees, supervisors, constables, treasurers. . . . [Emphasis added.]